Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND FRIEDLAND LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
T: (646) 494-2900
Email: ingo@fnf.law

Edward Normand (*pro hac vice*)
Kyle Roche (*pro hac vice*)
Velvel Freedman (*pro hac vice*)
Alex Potter (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
(T): (646) 494-2900
Email: tnormand@fnf.law
         kroche@fnf.law
         vel@fnf.law
         apotter@fnf.law

Tracy O. Appleton (*pro hac vice*)
David Moosmann (*pro hac vice*)
**NAGY WOLFE APPLETON LLP**
31 E 62nd Street, 6th Floor
New York, NY 10065
(T): (646) 494-4900
Email: tracy@nagylaw.com
         dmoosmann@nagylaw.com

*Counsel for Brittany Edwards, on behalf of D.B. Barlow*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY EDWARDS, on behalf of D.B. BARLOW,<br><br>Petitioner<br><br>v.<br><br>TIKTOK, INC.,<br><br>Respondent. | C.A. No. 5:25-cv-01216-JCB-SPx<br><br>**REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION**<br><br>Date: September 8, 2025<br>Time: 9:00 a.m.<br>Place: Court Room 1<br><br>Judge: Hon. Jesus G. Bernal<br>Filed: May 19, 2025 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................... ii

INTRODUCTION ...............................................................................................1

ARGUMENT .....................................................................................................2

I.    TIKTOK CONCEDES THE EXISTENCE OF THE 2019 AGREEMENT.....2

II.   THE 2019 ARBITRATION PROVISION WAS NOT SUPERSEDED ..........3

    A.    TikTok Concedes the Strong Presumption in Favor of Arbitration........3

    B.    The 2023 Agreement's Venue Provision Is Not Retroactive.................3

III.  THE 2019 AGREEMENT REMAINS VALID AND ENFORCEABLE.........5

    A.    TikTok's Reliance on the Integration Clause is Misplaced ...................5

    B.    TikTok's Survival Argument Fails .......................................................6

IV.   TIKTOK CANNOT EVADE THE ARBITRATION AGREEMENT .............6

    A.    Unilateral Retroactive Modification Violates the Implied Covenant .....6

    B.    TikTok's Unconscionability Arguments Misapply the Law .................8

V.    PETITIONER PROPERLY DISAFFIRMED THE 2023 AGREEMENT .....10

    A.    Petitioner Does Not Need to Disaffirm All Contracts with TikTok .....10

    B.    D.B.'s Addiction Does Not Bar Disaffirmance ...................................11

VI.   TIKTOK FLIPS THE CONCEPT OF FAIRNESS ON ITS HEAD..............11

## TABLE OF AUTHORITIES

**Cases**

*Abernathy v. DoorDash, Inc.*,
   438 F. Supp. 3d 1062 (N.D. Cal. 2020) ...................................................................12

*Airs Int'l v. Perfect Scents Distributions, Ltd*,
   902 F. Supp. 1141 (N.D. Cal. 1995) .......................................................................10

*Antonelli v. Finish Line, Inc.*,
   2012 WL 525538 (N.D. Cal. 2012) ...........................................................................9

*Ash v. Axos Bank*,
   2024 WL 4195313 (S.D. Cal. 2024) ..........................................................................6

*Azeveda v. Comcast Cable Commc'ns LLC*,
   2019 WL 5102607 (N.D. Cal. 2019) ..........................................................................7

*Bakke v. Buck*,
   587 P.2d 575 (Wash. Ct. App. 1978) .......................................................................10

*C.M.D. ex rel. De Young v. Facebook, Inc.*,
   621 F. App'x 488 (9th Cir. 2015) ............................................................................11

*Carbajal v. CWPSC, Inc.*,
   245 Cal. App. 4th 227 (2016) ....................................................................................9

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
   2 Cal. 4th 342 (1992) .................................................................................................7

*Casa Herrera, Inc. v. Beydoun*,
   32 Cal. 4th 336 (2004) ...............................................................................................5

*Cellular Accessories for Less, Inc. v. Trinitas LLC*,
   2014 WL 4627090 (C.D. Cal. 2014).........................................................................6

*Cione v. Foresters Equity Servs., Inc.*,
   58 Cal. App. 4th 625 (1997) ......................................................................................3

*Cobb v. Ironwood Country Club*,
   233 Cal. App. 4th 960 (2015) ....................................................................................7

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

*Crooks v. Wells Fargo Bank, N.A.*,
312 F. Supp. 3d 932 (S.D. Cal. 2018)............................................................................3

*Deck v. Spartz, Inc.*,
2011 WL 7775067 (E.D. Cal. 2011).............................................................................11

*DeMartini v. Johns*,
2012 WL 4808448 (N.D. Cal. 2012) ..............................................................................3

*Doffing v. Meta Platforms, Inc.*,
2022 WL 3357698 (D. Or. 2022)...............................................................................9, 10

*Emps. Ins. of Wausau v. Granite State Ins. Co.*,
330 F.3d 1214 (9th Cir. 2003)........................................................................................5

*Energetics, Inc. v. NewOak Cap. Markets, LLC*,
645 F.3d 522 (2d Cir. 2011)...........................................................................................4

*Franco v. Greystone Ridge Condo.*,
39 Cal. App. 5th 221 (2019) ......................................................................................4, 5

*George v. eBay, Inc.*,
71 Cal. App. 5th 620 (2021) ...........................................................................................7

*Goldman, Sachs & Co. v. City of Reno*,
747 F.3d 733 (9th Cir. 2014)..........................................................................................4

*Heckman v. Live Nation Ent., Inc.*,
686 F. Supp. 3d 939 (9th Cir. 2024) ..............................................................................9

*Heinz v. TikTok Inc.*,
2024 WL 5418632 (Cal. Super. Ct. Oct. 2, 2024) .........................................................5

*Higgins v. Superior Ct.*,
140 Cal. App. 4th 1238 (2006) .....................................................................................10

*Holland v. Universal Underwriters Ins. Co.*,
270 Cal. App. 2d 417 (1969).........................................................................................10

*Homestake Lead Co. of Missouri v. Doe Run Res. Corp.*,
282 F. Supp. 2d 1131 (N.D. Cal. 2003) ..........................................................................3

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

*Hunt v. Superior Ct.*,
   81 Cal. App. 4th 901 (2000) ....................................................................................6

*J.R. v. Elec. Arts Inc.*,
   98 Cal. App. 5th 1107 (2024) ................................................................................11

*Jarboe v. Hanlees Auto Grp.*,
   53 Cal. App. 5th 539 (2020) ...................................................................................5

*Keebaugh v. Warner Bros. Ent. Inc.*,
   100 F.4th 1005 (9th Cir. 2024) ...............................................................................8

*Kindred Nursing Centers Ltd. P'ship v. Clark*,
   581 U.S. 246 (2017) ................................................................................................8

*Lambert v. Tech. Res. Sols., Inc.*,
   2018 WL 5919211 (C.D. Cal. 2018)........................................................................4

*Magno v. The Coll. Network, Inc.*,
   1 Cal. App. 5th 277 (2016) ..................................................................................8, 9

*Marshall v. Ameriprise Fin. Servs.*,
   735 F. Supp. 3d 1229 (E.D. Cal. 2024)....................................................................8

*Meta Platforms, Inc. v. BrandTotal Ltd.*,
   605 F. Supp. 3d 1218 (N.D. Cal. 2022) .................................................................10

*Pambakian v. Blatt*,
   859 F. App'x 808 (9th Cir. 2021) .......................................................................4, 5

*Pandolfi v. AviaGames, Inc.*,
   2024 WL 4051754 (N.D. Cal. 2024) .......................................................................9

*R.A. v. Epic Games, Inc.*,
   2019 WL 6792801 (C.D. Cal. 2019).......................................................................11

*Revitch v. DIRECTV, LLC*,
   977 F.3d 713 (9th Cir. 2020)....................................................................................6

*Rogers v. THD At-Home Servs., Inc.*,
   2015 WL 12862912 (C.D. Cal. 2015)......................................................................3

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

*Salgado v. Carrows Restaurants, Inc.*,
  33 Cal. App. 5th 356 (2019) ........................................................................4, 5

*Soligenix, Inc. v. Emergent Prod. Dev. Gaithersburg, Inc.*,
  289 A.3d 667 (Del. Ch. 2023)...........................................................................12

*Stephens-Henry v. Statewide Enterprises, Inc.*,
  2015 WL 13762047 (C.D. Cal. 2015)..................................................................3

*Suski v. Coinbase, Inc.*,
  55 F.4th 1227 (9th Cir. 2022) ............................................................................4

*Trudeau v. Google LLC*,
  349 F. Supp. 3d 869 (N.D. Cal. 2018) ................................................................7

*Yeomans v. World Fin. Grp. Ins. Agency, Inc.*,
  485 F. Supp. 3d 1168 (N.D. Cal. 2020) ..............................................................3

**Statutes**

Cal. Civ. Proc. Code § 1856(a)................................................................................5

**Other Authorities**

AAA Consumer Rules 30 & 43(c), *available at*
  https://adr.org/sites/default/files/Consumer%20Rules.pdf (requiring
  confidentiality of arbitrations and of participant names in public awards)............12

AAA Statement of Ethical Principles, *available at*
  https://www.adr.org/StatementofEthicalPrinciples (arbitration is a "private
  process" and mandating confidentiality if requested)............................................12

Termination, BLACK'S LAW DICTIONARY (12th ed. 2024) .........................................6

Zachary David Miller *et al.*, *Mass Arbitration Update: The Uncertain Path Ahead*,
  Am. Bar Assoc. (May 28, 2024) .......................................................................12

## **INTRODUCTION**

Petitioner Brittany Edwards submits this Reply in further support of her Verified Petition to compel Respondent TikTok, Inc. ("TikTok") to arbitrate before the American Arbitration Association ("AAA"). Ms. Edwards is a single mother who seeks to hold TikTok accountable for the substantial harm its app has caused her daughter, who began using TikTok when she was just eight years old. TikTok argues that there is "no unfairness" in denying the Petition, contending that "consumers are better off in court than in individual arbitration." TikTok's Response (the "Response" or "Resp.") at 21. But TikTok does not seek to avoid arbitration because doing so is "better" for Ms. Edwards, her young daughter, or consumers. Quite the contrary: after insisting on AAA arbitrations for years, TikTok changed course in 2023 after it managed to settle privacy-related class actions for an average of $27 per consumer but was forced to pay $1,250 per consumer to opt-outs who pursued AAA arbitrations. *See In re TikTok, Inc.*, MDL No. 2948, Dkts. 226 at 1, 231 at 2 (N.D. Ill.). TikTok wants what is better for TikTok, not what is better for consumers.

TikTok no longer disputes that the parties formed a valid arbitration agreement. Instead, TikTok only (incorrectly) argues that its unilateral modifications in 2023 retroactively extinguished its obligation to arbitrate Petitioner's claims.

*First*, TikTok claims its 2023 Venue Provision retroactively overrides the 2019 Agreement's Arbitration Provision. But the plain language of the 2023 Agreement expressly limits the Venue Provision to claims arising under the new 2023 terms—not claims like those here, which arose between 2019 and 2022. California law also bars retroactive changes without clear notice, especially with respect to minors.

*Second*, TikTok wrongly asserts the generic integration clause in the 2023 Agreement extinguished all prior agreements with D.B. Under California law, arbitration clauses that expressly provide they survive termination, as the 2019 Agreement's Arbitration Provision does, can be extinguished only through a "clear and specific waiver," which TikTok never provided. TikTok's related argument—

---

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

that it merely "amended" rather than "terminated" the 2019 Agreement—also fails, as California law does not recognize such an artificial distinction. The Survival Provision, drafted by TikTok's own lawyers, protects the Arbitration Provision from exactly these types of unilateral modifications.

*Third*, TikTok's unilateral imposition of new terms—a distant venue and shortened statute of limitations—on D.B., a minor, without adequate parental consent or meaningful notice, is both procedurally and substantively unconscionable.

*Fourth*—in the event this Court reaches the disaffirmance issue—TikTok insists that Petitioner must disaffirm *all* prior agreements, not just the 2023 Agreement. That is not the law. Rather, consistent with California law, Petitioner expressly disaffirmed the 2023 Agreement in its entirety, reverting to the parties' earlier, validly formed 2019 Agreement.

*Fifth,* TikTok argues that D.B.'s continued use of TikTok bars disaffirmance. But TikTok's cited authority does not apply here. D.B. is not using TikTok voluntarily or "enjoying the benefits" of TikTok—she is addicted—and her use reflects the very harm her mother has desperately tried to prevent. For her to lose the protection of California's minor-disaffirmance law under such circumstances would be perverse.

Accordingly, Petitioner respectfully requests that the Court enforce the parties' arbitration agreement and compel TikTok to arbitrate her claims.

## ARGUMENT

### I.  TIKTOK CONCEDES THE EXISTENCE OF THE 2019 AGREEMENT

TikTok does not dispute that the parties formed a valid arbitration agreement in 2019 governing disputes related to D.B.'s use of TikTok. *See* Resp. at 1–2. The 2019 Agreement's operative terms required arbitration of any "dispute, controversy, or claim . . . relating in any way to your use of TikTok's services." Pet. Mem. at 4. Thus, the only issue is whether the 2023 Agreement retroactively extinguished TikTok's undisputed agreement to arbitrate claims that arose from 2019 to 2022.

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

## II.    THE 2019 ARBITRATION PROVISION WAS NOT SUPERSEDED

### A.    TikTok Concedes the Strong Presumption in Favor of Arbitration

TikTok fails to rebut the strong presumption under California and federal law that arbitration clauses survive termination or replacement of their containing agreements. "Absent the explicit intention to rescind an arbitration clause, . . . the clause will survive even where the prior agreement itself is rescinded by the latter agreement." *Homestake Lead Co. of Missouri v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131, 1142 (N.D. Cal. 2003); *see, e.g.*, *DeMartini v. Johns*, 2012 WL 4808448, at *6 (N.D. Cal. 2012); *Cione v. Foresters Equity Servs., Inc.*, 58 Cal. App. 4th 625, 639 (1997) ("[A]ny doubts must be resolved in favor of arbitration."). Here, the parties expressly agreed the Arbitration Provision would "survive any termination." Roche Decl. Ex. 1 at 30; *Crooks v. Wells Fargo Bank, N.A.*, 312 F. Supp. 3d 932, 938 (S.D. Cal. 2018) ("[B]y its express terms, *even if the Contract was terminated . . .* the arbitration provision survives."). Thus, to displace their prior agreement to arbitrate, the parties had to do so via a "clear and specific waiver." *Rogers v. THD At-Home Servs., Inc.*, 2015 WL 12862912, at *4 (C.D. Cal. 2015).

As discussed below (see Section III.A), TikTok relies (at 8–9) on an integration clause that neither clearly nor specifically waives D.B.'s right to arbitrate. Indeed, the provision is entirely silent about arbitration—precisely the kind of generic contractual provision that cannot overcome the strong presumption that agreements to arbitrate remain in effect. *See Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 485 F. Supp. 3d 1168, 1184 (N.D. Cal. 2020); *Stephens-Henry v. Statewide Enterprises, Inc.*, 2015 WL 13762047, at *3 (C.D. Cal. 2015).

### B.    The 2023 Agreement's Venue Provision Is Not Retroactive

TikTok's assertion (at 5–8) that the 2023 Agreement's Venue Provision retroactively applies to "any disputes" between the parties, regardless of when those disputes arose, is wrong as a matter of law and the plain language of the agreements.

*First*, TikTok's interpretation directly contradicts the plain language of the

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

2023 Agreement. *See* Pet. Mem. at 9–11. TikTok's arguments (at 7) about the breadth of the Provision's "arising out of or relating to" language miss the point: what matters is the Venue Provision applies only to claims that arise out of or relate to *the 2023 Agreement*. A forum selection clause governing "any dispute arising under or relating to" an agreement "does not apply retroactively" to claims predating the agreement's existence. *Lambert v. Tech. Res. Sols., Inc.*, 2018 WL 5919211, at *2, *5 (C.D. Cal. 2018).

*Second,* the authorities TikTok relies upon (at 5–6) are distinguishable. TikTok cites *Suski, NewOak*, and *Reno* to assert that a later forum-selection clause overrides an earlier arbitration clause. But *Suski* and *NewOak* only held that the later agreement controlled where two agreements were in irreconcilable "conflict" as to how a dispute must be resolved. *See Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1231 (9th Cir. 2022); *Energetics, Inc. v. NewOak Cap. Markets, LLC*, 645 F.3d 522, 524 (2d Cir. 2011). Neither addressed the effect of a clause like the Survival Provision.

*Reno* did not concern two different agreements at all: it addressed whether a clause providing that all disputes were to be resolved in court displaced Goldman Sachs' "default obligation to arbitrate" under FINRA rules, not whether one contract's forum selection clause displaced another's. *See Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 744 (9th Cir. 2014). Here, no irreconcilable conflict exists because the Venue Provision explicitly applies solely to disputes arising under the 2023 Agreement, not earlier agreements.

TikTok also relies (at 6) upon *Salgado v. Carrows Restaurants, Inc.*, 33 Cal. App. 5th 356 (2019), *Franco v. Greystone Ridge Condo.*, 39 Cal. App. 5th 221 (2019), and *Pambakian v. Blatt*, 859 F. App'x 808 (9th Cir. 2021). But those cases merely recognize that forum-selection clauses may apply retroactively if their terms explicitly so provide. *See Salgado*, 33 Cal. App. 5th at 361; *Franco*, 39 Cal. App. 5th at 231;

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

*Pambakian*, 859 F. App'x at 809.[1] Petitioner has never claimed otherwise—she claims *this* Venue Provision is not retroactive on the face of its terms.[2]

*Third*, TikTok's position (at 7) that the phrase "Terms" in the July 2023 Terms "refers to the TOS as a whole, regardless of version" is absurd. TikTok cannot have meant, for example, that its users were reviewing all prior versions of its terms of service when it stated in the July 2023 Terms that "[y]ou are reading the terms of services (the 'Terms')" (Roche Decl. Ex. 2 at 1) or when it recommended to users to "save a local copy of the Terms for your records." *Id.* at 2.

## III.    THE 2019 AGREEMENT REMAINS VALID AND ENFORCEABLE

### A.    TikTok's Reliance on the Integration Clause is Misplaced

TikTok misstates California law by arguing (at 8–9) the integration clause in its 2023 Agreement supersedes the parties' earlier arbitration obligations.

The parol evidence rule cited by TikTok does not apply because the 2019 Agreement is not a collateral, contradictory agreement—it is an independent contract formed years before the 2023 Agreement. *See* Cal. Civ. Proc. Code § 1856(a). TikTok's cited cases illustrate this limitation: *Jarboe v. Hanlees Auto Grp.* involved a single hiring process with two agreements signed days apart, the earlier of which contained no survival clause. 53 Cal. App. 5th 539, 544–45 (2020). Similarly, *Casa Herrera, Inc. v. Beydoun* involved a contemporaneous oral promise on the same

---

[1] Each of the forum selection provisions in these cases was materially broader than the Venue Provision. *See Salgado*, 33 Cal. App. 5th at 359 ("any claim, dispute, and/or controversy [between the parties], shall be submitted to . . . binding arbitration"); *Franco*, 39 Cal. App. 5th at 229–30 (clause covered "any and all claims relating to any aspect of Employee's employment with Employer (pre-hire through post-termination)" (cleaned up)); Answering Brief, *Pambakian*, 2020 WL 6833369, at *3 ("[A]ll claims or controversies involving or in any way concerning [Plaintiff's] application with, employment with, or termination from, the Company.").

[2] TikTok additionally cites *Heinz v. TikTok Inc.*, 2024 WL 5418632 (Cal. Super. Ct. Oct. 2, 2024), an unpublished and non-precedential ruling that did not address the key arguments raised here—including the Survival Provision, minor disaffirmance, unconscionability, and implied covenant. *Heinz* provides no persuasive support for TikTok's position. *See Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 (9th Cir. 2003) ("such [unpublished state] opinions have no precedential value").

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

subject matter as the written sales agreement. 32 Cal. 4th 336, 340, 346 (2004).

By contrast, the 2023 Agreement does not contain an arbitration clause and makes no explicit reference to arbitration. Rather, the 2023 Agreement applies prospectively and governs users' relationship with TikTok beginning in July 2023. It says nothing about disputes that arose previously, nor does it explicitly rescind the earlier Arbitration Provision. *See Hunt v. Superior Ct.*, 81 Cal. App. 4th 901, 909 (2000) ("[W]e construe any ambiguity against the drafter of the document[]."). And unlike in *Jarboe*, the Arbitration Provision here expressly "survive[s] *any* termination of the" 2019 Agreement. Roche Decl. Ex. 1 at 30. Thus, the 2023 Agreement's integration clause does not supersede or negate the prior Arbitration Provision.

### B.    TikTok's Survival Argument Fails

TikTok argues that its 2023 Agreement amended or replaced—but did not terminate—the 2019 Agreement, such that the Arbitration Provision did not "survive." Resp. at 10–11. California law recognizes no meaningful distinction in these circumstances. *See, e.g., Cellular Accessories for Less, Inc. v. Trinitas LLC*, 2014 WL 4627090, at *7 (C.D. Cal. 2014) ("the modification essentially terminates the prior agreement and creates a new . . . contract"). The plain meaning of "termination" encompasses "[t]he act of ending something" or "[t]he end of something in time or existence." *See* Termination, BLACK'S LAW DICTIONARY (12th ed. 2024). TikTok's unsupported semantic distinction also conflicts with the parties' clear intent: it would render survival provisions meaningless and lead to precisely the absurd results courts reject. *See Revitch v. DIRECTV, LLC*, 977 F.3d 713, 719 (9th Cir. 2020) (applying the "absurd-results canon" in construing arbitration agreement).

## IV.    TIKTOK CANNOT EVADE THE ARBITRATION AGREEMENT

### A.    Unilateral Retroactive Modification Violates the Implied Covenant

A party seeking to modify an arbitration agreement must "provide reasonable and express notice . . . *regarding the applicability of such modifications to already existing claims*." *Ash v. Axos Bank*, 2024 WL 4195313, at *4 (S.D. Cal. 2024)

(emphasis in original); *see also Cobb v. Ironwood Country Club*, 233 Cal. App. 4th 960, 965–68 (2015) (collecting cases). TikTok does not—and indeed cannot—dispute these controlling principles.

*First*, TikTok attempts (at 11–12) to circumvent established law by asserting that its general integration clause and pop-up notifications sufficiently notified users of the elimination of the arbitration clause. TikTok relies on *Trudeau v. Google LLC*, 349 F. Supp. 3d 869 (N.D. Cal. 2018) and *Azeveda v. Comcast Cable Commc'ns LLC*, 2019 WL 5102607 (N.D. Cal. 2019) to suggest general notice of modifications can justify retroactive application.[3] But these cases reinforce that "reasonable" and "express" notice is essential. *Trudeau* specifically involved contractual language expressly stating that the modifications would have "retroactive" effect, accompanied by a clear and formalized opt-out procedure. *Trudeau*, 349 F. Supp. 3d at 873–74, 877. And in *Azeveda,* users were provided with detailed notice of the changes alongside a meaningful opt-out procedure explicitly described in the contract. *Azeveda*, 2019 WL 5102607, at *3, *8. Here TikTok neither provided explicit notice that the Venue Provision would apply *retroactively to disputes* nor offered any formal opt-out procedure.

*Second*, TikTok argues that (1) the implied covenant does not apply because D.B. purportedly assented independently to the new Terms of Service after July 2023 (Resp. at 11), and (2) the implied covenant applies only when arbitration obligations are imposed, not when they are removed (Resp. at 13). Neither argument has merit. D.B.'s purported assent after July 2023 is ineffective because TikTok unilaterally imposed those terms without explicit notice of retroactive application. *See* Section IV.A. And TikTok's argument that the implied covenant applies only when arbitration is imposed—but not when it is removed—puts the cart before the horse. The concern

---

[3] Neither *George v. eBay, Inc*., 71 Cal. App. 5th 620, 638 (2021), *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc*., 2 Cal. 4th 342, 376 (1992) displace the settled principle articulated in *Cobb* and *Ash* that reasonable and express notice is required for unilateral retroactive modifications.

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

is not only about arbitration provisions, but also about powerful parties unilaterally stripping minors of protections without adequate notice or consent. *See* Sections IV.B, VI.

### B.      TikTok's Unconscionability Arguments Misapply the Law

TikTok argues (at 14–17) the 2023 Agreement is neither procedurally nor substantively unconscionable, emphasizing its removal of arbitration and asserting that nothing it has done "shocks the conscience."

*First*, TikTok's own cited authority shows that contracts of adhesion with weaker, less sophisticated parties can "shock the conscience." *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1023 (9th Cir. 2024). But TikTok draws (at 14, 21) a distinction that is too clever by half, arguing this principle applies only when powerful companies impose arbitration clauses on consumers—not when powerful companies strip an agreement to arbitrate away from them. But the law of unconscionability does not (and cannot) single out arbitration for "disfavored treatment." *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 252 (2017). It "protect[s] parties with weak bargaining positions . . . from unreasonable terms imposed by more powerful parties" regardless of whether those terms involve arbitration. *Marshall v. Ameriprise Fin. Servs.*, 735 F. Supp. 3d 1229, 1243 (E.D. Cal. 2024); *Magno v. The Coll. Network, Inc.*, 1 Cal. App. 5th 277, 288 (2016) ("Unconscionable provisions include those that seek to negate the *reasonable expectations* of the nondrafting party." (internal quotation omitted and emphasis added)).

TikTok previously favored arbitration because it believed the forum disadvantaged claimants. Now that it believes class litigation is more advantageous to it, it seeks—without meaningful notice or consent—to retroactively strip consumers and children of their right to litigate their disputes in the parties' agreed-upon forum. That is quintessentially unconscionable.

*Second*, substantive unconscionability arises here because TikTok imposed significant retroactive changes—such as a distant California venue and a substantially

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

shortened statute of limitations—on a minor without meaningful notice or genuine consent. Pet. Mem. at 16–18. While TikTok argues (at 15–16) that venue and statute-of-limitations provisions are not always unconscionable, they are where, as here, they are retroactively imposed upon weaker and less sophisticated parties—particularly minors.[4] *See, e.g.*, *Magno*, 1 Cal. App. 5th at 288; *Antonelli v. Finish Line, Inc.*, 2012 WL 525538, at *6 (N.D. Cal. 2012). And while TikTok also argues that severance of these unconscionable provisions might save the 2023 Agreement, courts have "discretion to refuse to enforce the contract as a whole" notwithstanding a severance clause where, as here, "the contract . . . is permeated by the unconscionability." *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 254 (2016). TikTok ignores cases cited by Petitioner in which courts have done exactly that. *See* Pet. Mem. 14 (citing *Heckman v. Live Nation Ent., Inc.*, 686 F. Supp. 3d 939, 952 (9th Cir. 2024)); *id.* at 16 (citing *Pandolfi v. AviaGames, Inc.*, 2024 WL 4051754, at *10 (N.D. Cal. 2024)).

*Third*, procedural unconscionability exists here because TikTok imposed significant contractual changes on a minor in a contract of adhesion, unilaterally, purportedly retroactively, and without meaningful notice, parental consent, or genuine assent. Pet. Mem. at 15–16. TikTok concedes (at 2–3) that it notified users of updated terms through a pop-up that disclosed nothing about those changes. And if users actually clicked to view the terms, they only saw a vague reference that there were changes "regarding how we'll resolve disputes." TikTok failed to give notice of the elimination of arbitration rights.[5] *Id.*; *see Pandolfi*, 2024 WL 4051754, at *10. This lack of meaningful disclosure and consent, particularly when dealing with minors, is

---

[4] None of the cases that TikTok cites to support the proposition that the venue and statute of limitations clauses are not unconscionable involved minors.

[5] TikTok's argument (at 17) that D.B. is bound by the TOS even if she did not read it ignores the point: that D.B. almost certainly did not read or comprehend the agreement as she clicked through buttons—driven by addiction—demonstrates precisely why TikTok's process was procedurally unconscionable. *See Doffing v. Meta Platforms, Inc.*, 2022 WL 3357698, at *6 (D. Or. 2022).

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

precisely what courts identify as procedurally unconscionable. *See Doffing*, 2022 WL 3357698, at \*6;[6] *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1253–54 (N.D. Cal. 2022); *Higgins v. Superior Ct.*, 140 Cal. App. 4th 1238, 1252–53 (2006).

## V.   PETITIONER PROPERLY DISAFFIRMED THE 2023 AGREEMENT

### A.   Petitioner Does Not Need to Disaffirm All Contracts with TikTok

TikTok argues (at 17–20) that, to disaffirm the 2023 Agreement, Petitioner must disaffirm all of D.B.'s contracts with TikTok. That argument is without merit.

*First*, none of TikTok's authority (at 18–20) stands for the position that a minor cannot void an agreement and enforce an earlier contract. The law is the opposite. "A void contract cannot legally modify or extinguish an earlier valid contract, thus the original agreement remains in effect and can be sued upon." *Bakke v. Buck*, 587 P.2d 575, 577 (Wash. Ct. App. 1978); *see also, e.g., Airs Int'l v. Perfect Scents Distributions, Ltd*, 902 F. Supp. 1141, 1148 (N.D. Cal. 1995) (applying California law and holding "the substituted contract may itself be voidable for fraud . . . or other reasons; and if [voidable] . . . [t]he prior [contract] then becomes enforceable again").

*Second*, TikTok notes (at 18–19) that California law generally requires minors to disaffirm entire contracts. Petitioner and her daughter are not attempting selective enforcement of certain terms within a single agreement. Rather, Petitioner explicitly seeks to disaffirm entirely and completely the 2023 Agreement, without enforcing any of its terms or provisions. Pet. Mem. at 18. TikTok's reliance on *Holland v. Universal Underwriters Ins. Co.* is accordingly misplaced. 270 Cal. App. 2d 417 (1969). In *Holland*, the minor sought to disaffirm only one unfavorable provision—a waiver of uninsured motorist coverage—while retaining other beneficial terms of the same updated agreement. *Id.* at 421–22. Petitioner seeks no such selective

---

[6] TikTok's attempt (at 14) to minimize *Doffing's* relevance based on procedural grounds does nothing to diminish its persuasive value on precisely these facts—imposition of prejudicial terms upon minors without adequate notice.

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

disaffirmance within a single contract.

### B.    D.B.'s Addiction Does Not Bar Disaffirmance

TikTok argues (at 20) that Petitioner cannot disaffirm the 2023 Agreement because her daughter continues to use TikTok—that continued use demonstrates ongoing assent because the minor "continued to enjoy the benefits of the agreement." *R.A. v. Epic Games, Inc.*, 2019 WL 6792801, at *6 (C.D. Cal. 2019).

TikTok's cited authority is distinguishable. In *C.M.D. ex rel. De Young v. Facebook, Inc.*, for example, minors brought suit alleging Facebook improperly used their names and likenesses in advertisements. 621 F. App'x 488, 489 (9th Cir. 2015). Despite objecting to these advertising practices, they *voluntarily* continued using Facebook for its core benefit—social networking. *Id.* And *R.A.* actually undercuts TikTok's argument. There the plaintiff—alleging misrepresentation around in-game purchases—continued playing Fortnite even after filing suit, yet the court nevertheless found that the plaintiff had effectively disaffirmed the agreement. 2019 WL 6792801, at *7 n.2 (emphasizing that while this might "seem inequitable" to the corporation, "that is the risk of doing business with a minor, and an example of why the disaffirmance doctrine discourages entering into agreements with minors.").

Petitioner's daughter does not enjoy TikTok's core benefits. To the contrary, the core features of TikTok are harming her, but she remains trapped by addiction to the service itself. Pet. Mem. at 1, 3. California "law 'shields minors . . . [so] that they may be protected against their own improvidence and the designs and machinations of other people.'" *J.R. v. Elec. Arts Inc.*, 98 Cal. App. 5th 1107, 1115 (2024); *see Deck v. Spartz, Inc.*, 2011 WL 7775067, at *6 (E.D. Cal. 2011). Protecting a minor from the harms of a product to which she is addicted is precisely the appropriate use of such a shield and cannot bar her statutory right to disaffirm.

## VI.    TIKTOK FLIPS THE CONCEPT OF FAIRNESS ON ITS HEAD

In a final misguided attempt to challenge the Petition, TikTok asserts (at 21) that there is "no unfairness" in depriving D.B. of her right to arbitrate because doing

11

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

so is somehow "better for consumers." TikTok's argument is transparently self-serving and demonstrably false. Arbitration offers indispensable advantages for consumers—efficiency, confidentiality, and a private forum uniquely suited for sensitive claims involving minors. *Soligenix, Inc. v. Emergent Prod. Dev. Gaithersburg, Inc.*, 289 A.3d 667, 671 (Del. Ch. 2023).[7] Indeed, TikTok users who previously opted out of class actions and pursued arbitration secured settlements roughly 46 times greater than class participants. *See In re TikTok, Inc.*, MDL No. 2948, Dkt. 226 at 1, Dkt. 231 at 2 (N.D. Ill.). TikTok's sudden opposition to arbitration is driven by financial self-interest, not consumer protection.

TikTok further contends (at 21–22) that Petitioner's enforcement of her right to arbitration "makes no sense" unless viewed as part of "a business model that seeks to leverage the large fees imposed by mass arbitration" to achieve unfair settlements.[8] Yet courts have rejected precisely such cynical attempts by companies that, when "faced with having to actually honor [their] side of the bargain," seek to evade arbitration because they "blanch[] at the cost of the filing fees [they] agreed to pay." *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020). Unlike DoorDash, TikTok expressly drafted the Arbitration Provision to survive termination. TikTok's desperate attempt to circumvent arbitration now embodies exactly the "hypocrisy" and "gamesmanship" courts have condemned. *Id*.

## CONCLUSION

For the foregoing reasons, and those provided in the Petition, Petitioner respectfully requests that this Court compel TikTok to arbitrate with Petitioner.

---

[7] *See also* AAA Statement of Ethical Principles, *available at* https://www.adr.org/StatementofEthicalPrinciples (arbitration is a "private process" and mandating confidentiality if requested); AAA Consumer Rules 30 & 43(c), *available at* https://adr.org/sites/default/files/Consumer%20Rules.pdf (requiring confidentiality of arbitrations and of participant names in public awards).

[8] The article that TikTok cites explains that most companies (unlike TikTok) are "continuing to try to achieve the efficient, merits-based decision-making that arbitration promises." Zachary David Miller *et al.*, *Mass Arbitration Update: The Uncertain Path Ahead*, Am. Bar Assoc. (May 28, 2024).

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION

Dated: August 6, 2025

Respectfully submitted,

*/s/ Ivy Ngo*
Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND FRIEDLAND LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
T: (646) 494-2900
Email: ingo@fnf.law

Tracy O. Appleton (*pro hac vice*)
David Moosmann (*pro hac vice*)
**NAGY WOLFE APPLETON LLP**
31 East 62nd Street, 6th Floor
New York, NY 10065
(T): (646) 494-4900
Email: tracy@nagylaw.com
        dmoosmann@nagylaw.com

Edward Normand (*pro hac vice*)
Kyle Roche (*pro hac vice*)
Velvel Freedman (*pro hac vice*)
Alex Potter (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
(T): (646) 494-2900
Email: tnormand@fnf.law
        kroche@fnf.law
        vel@fnf.law
        apotter@fnf.law

*Counsel for Brittany Edwards, on behalf of D.B. Barlow*

REPLY IN FURTHER SUPPORT OF VERIFIED PETITION TO COMPEL ARBITRATION